**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROULMY CHERY,                           )
                                        )
    Petitioner,                         )
                                        )
    v.                                  )      Civil A. No. 3:26-1162
                                        )      Judge Nora Barry Fischer
WARDEN OF MOSHANNON VALLEY              )
PROCESSING CENTER, et al.,              )
    Respondents.                        )

**MEMORANDUM ORDER**

Presently before the Court are Petitioner Roulmy Chery's Petition for Writ of Habeas Corpus, (Docket No. 4), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 8). Petitioner, a native of Haiti, reportedly entered the United States illegally in 2021 at an unknown location. (Docket No. 4 at 9). He lived in the Warsaw/Mount Olive, North Carolina near family prior to his detention and does not have any criminal convictions. (*Id*.). He was later arrested by ICE agents in September of 2025 and has been detained since that time. (Docket No. 4 at 6, 9). As to immigration proceedings, a removal or reinstatement order was issued by an IJ on June 1, 2026 and Petitioner had not filed an appeal as of his filing of the Petition on June 11, 2026. (Docket No. 4 at 4).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 4). In opposition, Respondents admit that this is a *Hurtado* case, and that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing. (Docket No. 8). Despite acknowledging the prior decisions of Judges on this Court, the

- 1 -

Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits. (*Id*.).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 17th day of July, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [4] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

---

[1]     *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]     *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]     *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS FURTHER ORDERED that within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record

cc:     ROULMY CHERY
        220448459
        MOSHANNON VALLEY PROCESSING CENTER
        555 GEO DRIVE
        PHILIPSBURG, PA 16866 (via first class mail)